**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAVETTE COOPER and IVORY COOPER, Individually and on behalf of all others similarly situated, | Case No.   17   1563 |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** **COMPLAINT – CLASS ACTION** |
| ALL AMERICAN HOME CARE LLC, ALL AMERICAN HOSPICE CARE LLC, MICHAEL SPIVAK, | |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Plaintiffs Lavette Cooper and Ivory Cooper, allege on behalf of themselves and on behalf of all similarly situated individuals currently or formerly employed by Defendants ALL AMERICAN HOME CARE LLC, ALL AMERICAN HOSPICE CARE LLC, and MICHAEL SPIVAK (hereinafter collectively, "Defendants" or "All American") as "Home Health Aides" or similar positions in the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid overtime premium and straight pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

2.      Plaintiffs further complain on behalf of themselves and a class (hereinafter defined) of other similarly situated "Home Health Aides" of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid wages from Defendants for work performed for which they did not receive any compensation, as well as for overtime work for which they did not receive overtime premium pay as required by the Pennsylvania Minimum Wage Act 43 P.S. §§ 333.101 – 333.115 ("PMWA"), the Pennsylvania Wage Payment Collection Law, 43 P.S.

§§260.1 – 260.45 ("WPCL"), and the applicable Pennsylvania Department of Labor & Industry Regulations.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over Plaintiffs' PMWA and WPCL claims pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act ("CAFA") inasmuch as the Defendants are citizens of the Commonwealth of Pennsylvania and the members of the Pennsylvania Class alleged herein include persons who are citizens of states other than Pennsylvania; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs. The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

5.      This Court has jurisdiction over Plaintiffs' PMWA and WPCL claims pursuant to 28 U.S.C. § 1367 because those claims are so related to their FLSA claims that they form part of the same case or controversy.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.      Plaintiff Lavette Cooper is an adult individual residing in Philadelphia, Pennsylvania, and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a plaintiff in this action. A copy of Plaintiff Lavette Cooper's consent is attached hereto as Exhibit A.

2

9.    Plaintiff Ivory Cooper is an adult individual residing in Philadelphia, Pennsylvania, and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a plaintiff in this action. A copy of Plaintiff Ivory Cooper's consent is attached hereto as Exhibit B.

10.    Upon information and belief, Defendant All American Home Care LLC ("AA Home Care") is a Pennsylvania limited liability corporation with its principal place of business located at 2921 North 5th Street, Philadelphia, Pennsylvania.

11.    AA Home Care is in the business of providing home health services to its consumers, including the provision of Home Health Aides. According to its website, its Home Health Aides see the patients with much higher frequency than other disciplines and assist with activities of daily living.

12.    Upon information and belief, Defendant All American Hospice LLC ("AA Hospice") is a Pennsylvania limited liability corporation with its principal place of business located at 2921 North 5th Street, Philadelphia, Pennsylvania.

13.    According to its website, AA Hospice is a Medicare certified and state-licensed hospice that provides "skilled hospice professionals that specialize in caring for people at the end of life." Such "skilled hospice professionals" include a "home health aide [that] provides personal care."

14.    Upon information and belief, Defendant Michael Spivak ("Spivak") is an adult individual residing in Philadelphia, Pennsylvania and is President and/or CEO of AA Home Care and AA Hospice and the managing member thereof.

15.    In addition to sharing a common business address, Defendants AA Home Care and AA Hospice share common office administrative personnel (including payroll, accounting, and recruitment personnel), common ownership, common logos and trade dress, and are commonly controlled by Spivak.

3

16.     Within their common office space at the time of Plaintiffs' employment, Defendants AA Home Care and AA Hospice utilized common bulletin boards, and shared common areas. The common office personnel performed common functions on behalf of both companies on a regular basis. Based upon the experiences and observation of Plaintiffs, any distinction that exists between the two entities would be unclear or meaningless to a third party entering their shared office space as the two entities operate as one.

17.     The administrative office personnel common to both companies, including Spivak, had the authority to, *inter alia*: (1) hire and fire Plaintiffs; (2) to promulgate work rules affecting Plaintiffs' performance of their job; (3) to set the Plaintiffs' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (4) engage in the day-to-day employee supervision, including employee discipline; and (5) had actual control of employee records, such as payroll, insurance, or taxes.

18.     Pursuant to 29 U.S.C. § 203(d), an "Employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

19.     Spivak, as the managing member and the chief executive officer of Defendants AA Home Care and AA Hospice exercised supervisory authority over the companies' employees (including Plaintiffs), established the companies' payroll policies, executed those payroll policies, and made decisions concerning the companies' day-to-day operations. Such day-to-day operating decisions included such items as hiring, firing, compensation decisions, and, as noted above, payroll policies.

20.     Given the control he exercised as noted above, Spivak is an Employer under the FLSA, PMWA, and WPCL.

21.     Defendants jointly employed Plaintiffs within the meaning of the FLSA, PMWA, and WPCL and the cases construing them.

4

22.     Defendants AA Hospice and AA Home Care are integrated employers within the meaning of the FLSA, PMWA, and WPCL and the cases construing them.

23.     Defendants AA Home Care and AA Hospice are each covered employers within the meaning of the FLSA, PMWA, and WPCL.

## PLAINTIFFS' WAGE AND HOUR FACTUAL ALLEGATIONS

24.     Plaintiff Lavette Cooper was employed by Defendants as a Home Health Aide in Philadelphia, PA from approximately March to November 2016.

25.     Plaintiff Ivory Cooper was employed by Defendants as a Home Health Aide in Philadelphia, PA from approximately July to November 2016.

26.     In their roles as Home Health Aides, Plaintiffs, the Collective Action Members and the Pennsylvania Class members spent their working time providing in-home care to disabled individuals, including assistance with activities of daily living such as dressing, feeding, bathing, grooming, toileting, and transferring.

27.     The Home Health Aide positions further required Plaintiffs, the Collective Action Members and the Pennsylvania Class members to perform instrumental activities of daily living to enable the individuals they cared for to live independently at home.  Such instrumental activities of daily living included light housework and feeding.

28.     Plaintiffs' Home Health Aide positions are not exempt from the overtime requirements of Section 7 of the FLSA, 29 U.S.C. § 207.

29.     Plaintiffs, the Collective Action Members and the Pennsylvania Class members worked for Defendants as Home Health Aides within the FLSA and PMWA statutory periods for bringing a cause of action under the terms of those acts.

30.     Defendants regularly scheduled Plaintiffs, the Collective Action Members and the Pennsylvania Class members to work more than 40 hours per week.

5

31.     Consistent with Defendants' policy, pattern and practice, Plaintiffs, the Collective Action Members and the Pennsylvania Class members regularly worked in excess of forty (40) hours per workweek without receiving the legally required amount of regular and overtime wages as required by the federal and state laws set forth herein.

32.     Plaintiffs, the Collective Action Members and the Pennsylvania Class members each typically were scheduled to work in excess of 40 hours per week.

33.     Plaintiffs were hired and worked at a regular hourly rate of $12.50 per hour during the entire time they were employed by Defendants.

34.     Plaintiffs were not paid an overtime premium of one and a half times their regular hourly rate (*i.e.*, 1.5 x $12.50 = $18.75 per hour) for the hours of overtime they worked each week.

35.     Instead, Defendants would either (1) pay them for their overtime hours at a straight hourly rate; or (2) manipulate their regular hourly rate of pay so that their weighted, average rate of pay for both straight time and overtime would equal $12.50 per hour for that week or pay period.

36.     For example, during the first two pay periods from March 6, 2016 through March 19, 2016 and March 20, 2016 through April 2, 2016, Plaintiff Lavette Cooper worked 56 and 80 hours, respectively.

37.     For those weeks during those pay periods, she was appropriately paid at her regular straight rate of $12.50 per hour for all hours worked.

38.     However, for all subsequent weeks and pay periods through the end of her employment in November 2016, Plaintiff Lavette Cooper regularly worked in excess of 40 hours per week but was paid a manipulated "regular" and "overtime" rate so the weighted, average rate of pay for each week always equaled her regular hourly rate of pay of $12.50.

6

39.     For example, during the April 17, 2016 through April 30, 2016 pay period,
Plaintiff Lavette Cooper worked a total of 112 hours – 80 hours of straight time and 32 hours of
overtime – but was paid at the rate of $10.94 for the 80 hours of straight time and at the rate of
$16.41 for the 32 hours of overtime, which created a weighted average hourly rate of $12.50:

$10.94 x 80 = $  875.20
$16.41 x 32 = $  525.12
          $1,400.32 ÷ 112 = $12.50 weighted average hourly rate.

40.     During the April 17, 2016 through April 30, 2016 pay period, Plaintiff Lavette
Cooper should have been paid $12.50 for the 80 hours of straight time and at the rate of $18.75
for the 32 hours of overtime:

$12.50 x 80 = $1,000.00
$18.75 x 32 = $  600.00
                $1,600.00

41.     Accordingly, for the weeks during the April 17, 2016 through April 30, 2016 pay
period alone, Plaintiff Lavette Cooper should have been paid an extra $199.68 ($1,600 -
$1,400.32 = $119.68).

42.     Plaintiff Lavette Cooper never received the $199.68 she was due for those weeks
during that pay period.

43.     The amount of overtime worked by Plaintiff Lavette Cooper during her
employment by Defendants ranged (other than no overtime for the first month of work in 6 hours
to 64 hours of overtime for the weeks during each pay period.

44.     For all such weeks, Plaintiff Lavette Cooper was only paid a manipulated
"regular" and "overtime" rate and was never paid the proper amount for all her regular and
overtime hours worked.

45.     Plaintiff Lavette Cooper does not have her pay stubs for all the time she worked
and accordingly cannot calculate an accurate estimate of overtime not paid until after discovery,

7

but estimates that she was underpaid by at least $3,000 when she worked as a Home Health Aide for Defendants.

46.     Defendants have failed to timely pay Plaintiff Lavette Cooper, the Collective Action Members and the Pennsylvania Class members for all of the underpaid overtime hours they worked.

47.     As for Plaintiff Ivory Cooper, during the July 24, 2016 through August 8, 2016 pay period, she worked 16 hours, and she was appropriately paid at her regular straight rate of $12.50 per hour for all hours worked during that pay period.

48.     However for most subsequent weeks through the end of her employment in November 2016, Plaintiff Ivory Cooper regularly worked in excess of 40 hours per week but was paid a manipulated "regular" and "overtime" rate so the weighted, average rate of pay always equaled her regular rate of pay of $12.50

49.     For example, during the August 7, 2016 through August 20, 2016 pay period, Plaintiff Ivory Cooper  worked a total of 104 hours – 80 hours of straight time and 24 hours of overtime – but was paid at the rate of $11.21 for the 80 hours of straight time and at the rate of $16.81 for the 24 hours of overtime, which created a weighted average hourly rate of $12.50:

$11.21 x 80 = $  896.80
$16.81 x 24 = $  403.44
            $1,300.24 ÷ 104 = $12.50 weighted average hourly rate.

50.     During the August 7, 2016 through August 20, 2016 pay period, Plaintiff Ivory Cooper should have been paid $12.50 for the 80 hours of straight time and at the rate of $18.75 for the 24 hours of overtime:

$12.50 x 80 = $1,000.00
$18.75 x 24 = $  450.00
            $1,450.00

8

51.     Accordingly, for the weeks during the August 7, 2016 through August 20, 2016 pay period alone, Plaintiff Ivory Cooper should have been paid an extra $149.76 ($1,450.00 - $1,300.24 = $149.76).

52.     Plaintiff Ivory Cooper never received the $149.76 she was due for those weeks during that pay period.

53.     The amount of overtime worked by Plaintiff Ivory Cooper during her employment by Defendants ranged from 8 hours to 64 hours of overtime for the weeks for each pay period.

54.     For all such weeks, Plaintiff Ivory Cooper was only paid a manipulated "regular" and "overtime" rate and was never paid the proper amount for all her regular and overtime hours worked.

55.     During Ivory Cooper's last pay period from October 30, 2016 through November 12, 2016, she worked 80 hours straight time and 64 hours overtime but was only paid for all hours at the regular rate of $12.50 thereby depriving her of $400 in gross overtime premium pay.

56.     Plaintiff Ivory Cooper does not have her pay stubs for all the time she worked and accordingly cannot calculate an accurate estimate of overtime not paid until after discovery, but estimates that she was underpaid by at least $1,000 when she worked as a Home Health Aide for Defendants.

57.     Pursuant to 29 C.F.R. Part 516, Defendants are required to possess and maintain Plaintiffs' time sheets and other records related to their hours worked.

58.     Defendants have failed to timely pay Plaintiff Ivory Cooper, the Collective Action Members and the Pennsylvania Class members for all of the underpaid overtime hours they worked.

9

59.     There was no clear, mutual understanding or agreement between Plaintiffs, the Collective Action Members and the Pennsylvania Class members and Defendants on the method of payment used by Defendants.

60.     Defendants maintained and exhibited a uniform policy, pattern and practice of willfully failing to pay Plaintiffs and other individuals in the same or comparable positions for all hours worked, and also did not pay them the legally required amount of overtime compensation in an amount required by law and on a timely basis in violation of the FLSA, PMWA, and the WPCL.

61.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, PMWA, and WPCL with respect to the Plaintiffs, the Collective Action Members and the Pennsylvania Class members. This policy, pattern, and/or practice includes, but is not limited to willfully failing to pay Plaintiffs, the Collective Action Members and the Pennsylvania Class members the regular rate of pay for all hours up to 40 per week, and overtime wages of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week.

62.     All actions and omissions described in this Complaint were made by Defendants directly or through its supervisory employees and agents.

63.     Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA, PMWA, and the WPCL.

64.     Defendants' failure to comply with the FLSA, PMWA, and WPCL was willful and caused Plaintiffs and the Collective Action Members and Pennsylvania Class members to suffer lost wages and interest thereon.

65.     Defendants' unlawful conduct has been widespread, repeated and consistent.

10

## FLSA COLLECTIVE ACTION ALLEGATIONS

66.     Pursuant to 29 U.S.C. §§ 207 and 216, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as Home Health Aides or similar positions in the United States at any time since April 6, 2014 to the entry of judgment in this case (the "Collective Action Period") who were not paid for hours that they actually worked as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

67.     Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

68.     Plaintiffs and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, time keeping and payroll practices.

69.     Specifically, Defendants failed to pay Plaintiffs and the Collective Action Members the legally required amount of overtime compensation of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week in violation of the FLSA and the regulations promulgated thereunder, including 29 C.F.R. § 778.327.

70.     Defendants violated the FLSA and the regulations promulgated thereunder, including 29 CFR § 778.327, because they: (1) manipulated the hourly rate based upon the number of overtime hours worked in order to decrease the overtime premium to no premium at

11

all; and (2) failed to pay Plaintiffs and the Collective Action members a fifty percent (50%) overtime premium in addition to the employees' regular hourly rate for all hours worked in excess of forty (40) during the week.

71.    The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Defendants employ many Home Health Aides throughout the United States who are compensated pursuant to Defendants' common policy regarding regular and overtime compensation. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

72.    Plaintiffs sue on their own behalf and on behalf of the Pennsylvania Class as defined below, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and/or (b)(3).

73.    Plaintiffs bring their PMWA and WPCL claims on behalf of all persons who were employed by Defendant in the Commonwealth of Pennsylvania as Home Health Aides at any time since April 6, 2014, to the entry of judgment in this case (the "Class Period"), who were employees within the meaning of the PMWA and WPCL and have not been paid for hours actually worked as well as overtime wages in violation of the PMWA and/or the WPCL (the "Pennsylvania Class")

74.    Defendants failed to pay Plaintiffs and the members of the Pennsylvania Class the legally required amount of overtime compensation of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week in violation of the PMWA, WPCL, and regulations promulgated thereunder.

12

75.    Defendants violated the PMWA and WPCL and the regulations promulgated thereunder, because they (1) failed to pay Plaintiffs and the Pennsylvania Class members for all non-overtime and overtime hours worked on a timely basis, (2) failed to provide Plaintiffs and the Pennsylvania Class members with a clear, mutual understanding that Defendants will pay employees as described above, and (3) failed to pay Plaintiffs and the Pennsylvania Class a fifty percent (50%) overtime premium in addition to the regular hourly pay for all hours worked in excess of forty (40) during the week.

76.    As a result of the foregoing, Plaintiff and members of the Pennsylvania Class were paid for hours worked, including hours worked over forty during the workweek, at rates which were less than their regular rate of pay and less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, thereby violating the PMWA, WPCL, and the regulations promulgated thereunder, by adoption.

77.    The Pennsylvania Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 40 members of the Pennsylvania Class.

78.    There are questions of law and fact common to the members of the Pennsylvania Class that predominate over any questions solely affecting the individual members of the Pennsylvania Class, including, without limitation:

> a.  Whether Defendants employed Plaintiffs and the Pennsylvania Class members within the meaning of the PMWA and WPCL;
>
> b.  Whether Defendants failed to pay Plaintiffs and the Pennsylvania Class members for all of the hours they worked;

13

    c.  Whether Defendants failed to pay Plaintiffs and the Pennsylvania Class members overtime wages of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek;

    d.  Whether Defendants violated the PMWA, the WPCL, and the regulations promulgated thereunder because it (1) failed to pay Plaintiffs and the Pennsylvania Class members for all non-overtime and overtime hours worked on a timely basis, and (2) failed to pay Plaintiffs and the Pennsylvania Class a fifty percent (50%) overtime premium in addition the regular hourly pay for all hours worked in excess of forty (40) during the week;

    e.  Whether Defendants failed to pay Plaintiffs and the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of forty hours per workweek, in violation of the PMWA, the WPCL, and the regulations promulgated thereunder;

    f.  Whether Defendants are liable for all damages claimed by Plaintiffs and the Pennsylvania Class, including, without limitation, compensatory, liquidated, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

    g.  Whether Defendants should be enjoined from continuing to violate the PMWA and WPCL in the future.

    79.    Plaintiffs' claims are typical of the claims of the members of the Pennsylvania Class. Plaintiffs have the same interests in this matter as all other members of the Pennsylvania Class.

80.     Plaintiffs are adequate class representatives, are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

81.     Class certification of Plaintiffs' PMWA and WPCL claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Pennsylvania Class are entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying the Pennsylvania Class the wages to which they are entitled.

82.     Class certification of Plaintiffs' PMWA and WPCL claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

83.     Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

84.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

85.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

86.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

15

87.     At all relevant times, Defendants had a policy and practice of willfully refusing to pay its Home Health Aides, Plaintiffs and all Collective Action Members, for all hours worked, failed to pay them the legally required amount of overtime compensation of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as failing to pay them overtime compensation on a timely basis in violation of the FLSA.

88.     As a result of Defendants' willful failure to compensate Plaintiffs and the Collective Action Members for all hours worked, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, and on a timely basis, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a) and 29 C.F.R. § 778.327.

89.     Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

90.     Due to Defendant's FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages in an additional amount equal to the unpaid wages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, as well as reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## PENNSYLVANIA WAGE AND HOUR LAW

91.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

92.     At all relevant times, Plaintiffs and the Pennsylvania Class members were employed by Defendants within the meaning of the PMWA.

16

93.     Defendants willfully violated Plaintiffs' rights and the rights of the Pennsylvania Class members by failing to pay them the legally required amount of regular pay and failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked by them in excess of forty in a workweek in violation of the PMWA and its regulations.

94.     Defendants failed to pay the legally required amounts of regular and overtime pay in a timely manner.

95.     Defendants' PMWA violations have caused Plaintiffs and the Pennsylvania Class members irreparable harm for which there is no adequate remedy at law.

96.     Due to Defendants' PMWA violations, Plaintiffs and the Pennsylvania Class are entitled to recover from Defendants their unpaid wages for the legally required amount of regular compensation for all hours worked up to 40 hours and overtime compensation for all hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 43 P.S. § 333.113.

## THIRD CLAIM FOR RELIEF:
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

97.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

98.     At all relevant times, Plaintiffs and the Pennsylvania Class members were employed by Defendants within the meaning of the meaning of the WPCL.

99.     Pursuant to the WPCL, any employee, or group of employees, to whom any type of wages is payable may institute an action under the act to recover unpaid wages and liquidated damages, as well as costs and reasonable attorneys' fees, in any court of competent jurisdiction for and on behalf of himself or themselves and other employees similarly situated.

17

100.   Defendants are employers within the meaning of the WPCL.

101.   Every employer in Pennsylvania is required to pay all wages, including overtime wages, other than fringe benefits and wage supplements, due to its employees on regularly scheduled paydays.

102.   By repeatedly and unjustifiably failing to pay Plaintiffs and the Pennsylvania Class members the straight time and/or overtime wages owed to them as alleged herein, Defendants have violated the WPCL.

103.   Defendants are thus liable to Plaintiffs and the Pennsylvania Class members for all wages owed, liquidated damages as permitted in 43 P.S. §§ 260.9a and 260.10, their costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a.   Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.   Certification of the Pennsylvania Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), and the appointment of Plaintiffs and their counsel to represent the members of the Pennsylvania Class;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the PMWA, and the WPCL;

18

      d.     An injunction requiring Defendants to cease their unlawful practices under, and comply with, the FLSA, PMWA, and WPCL;

      e.     An award of unpaid wages for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and the PMWA;

      f.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216 and/or Pennsylvania law;

      g.     An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

      h.     An award of prejudgment and post-judgment interest;

      i.     An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and

      j.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

    Plaintiffs demand a trial by jury for all issues of fact.

Dated: April 6, 2016

**LOCKS LAW FIRM**

Marc P. Weingarten, Esq. (Bar ID 23718)
Andrew P. Bell (pro hac vice to be made)
The Curtis Center
601 Walnut St. | Suite 720 East
Philadelphia, PA 19106
(215) 893-0100

Alvin F. de Levie, Esq. (Bar ID 23245)
Law Offices of Alvin F. de Levie
The Curtis Center
601 Walnut St. | Suite 720 East

19

Philadelphia, PA 19106
Toll Free: 800-292-0458

Adam H. Garner, Esq. (Bar ID 320476)
The Garner Firm, Ltd.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 645-5955

*Attorneys for Plaintiffs*

20

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ___All American Home Care, LLC and affiliated companies and/or persons___ to pay me overtime wages as required under state and/or federal law and also authorizing the filing of this consent in the action(s) challenging such conduct. I hereby designate Plaintiff's counsel, LOCKS LAW FIRM, ALVIN DE LEVIE, ESQ. and THE GARNER FIRM, Ltd., to represent me in the suit.

_____
Signed Name

_____
Date

Lavette Cooper
Printed Name

_____
Street Address

_____
City, State, Zip Code

_____
Phone Number

# EXHIBIT B

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of __All American Home Care, LLC and affiliated companies and/or persons__ to pay me overtime wages as required under state and/or federal law and also authorizing the filing of this consent in the action(s) challenging such conduct. I hereby designate Plaintiff's counsel, LOCKS LAW FIRM, ALVIN DE LEVIE, ESQ. and THE GARNER FIRM, Ltd., to represent me in the suit.


_____
Signed Name

_____
Printed Name

_____
Street Address

_____
City, State, Zip Code

_____
Phone Number

_____
Date