# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAVETTE COOPER and IVORY COOPER, Individually and on behalf of all others similarly situated, | Case No. 1:17-cv-01563-PBT |
| Plaintiffs, | |
| v. | |
| ALL AMERICAN HOME CARE LLC, ALL AMERICAN HOSPICE CARE LLC, MICHAEL SPIVAK, | |
| Defendants. | |
| JERRY ACOSTA, JR. and MODESTINE THORPE, Individually and on behalf of all others similarly situated, | Case No. 2:17-cv-01656-PBT |
| Plaintiffs, | |
| v. | |
| ALL AMERICAN HOME CARE LLC, | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Lavette Cooper, Ivory Cooper (the "Cooper Plaintiffs"), Jerry Acosta, Jr. and Modestine Thorpe (the "Acosta Plaintiffs") (collectively, "Plaintiffs"), individually and on behalf of all other similarly-situated persons, and Defendants All American Home Care LLC, All American Hospice Care LLC and Michael Spivak. ("All American" or "Defendants"), subject to the approval of the Court.  Plaintiffs and Defendants may be referred to collectively as the "Parties."

## RECITALS

2.      The Cooper Plaintiffs filed their Class and Collective Action Complaint on April 6, 2017, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Pennsylvania state law.  (ECF No. 1).  The Acosta Plaintiffs filed their Class and Collective Action Complaint on April 11, 2017 alleging violations of the FLSA, Pennsylvania state law and Philadelphia city law.  On June 13, 2017, the Court ordered that these two matters be consolidated

for all purposes under the *Cooper* civil action number.  (ECF No. 12).  Also on June 13, 2017, the Court referred the matter to U.S. Magistrate Timothy R. Rice for a settlement conference.  (ECF No. 13)

3.　　　On February 6, 2018, the Parties participated in a settlement conference before Magistrate Rice.  Prior to the settlement conference, Defendants provided Plaintiffs with payroll records, which Plaintiffs' Counsel reviewed and analyzed.  The Parties did not reach a settlement at the February 6, 2018 settlement conference.  They continued arms' length settlement negotiations, including an additional in person settlement conference before Judge Rice on March 14, 2018.

4.　　　As a result of the settlement conferences and continued arms' length settlement negotiations, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

5.　　　Plaintiffs' Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Complaints.  In agreeing to this Settlement Agreement, Plaintiffs have considered:  (a) the facts developed during the Parties' settlement process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement.  Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiffs and the Settlement Class (as defined below) to settle their claims against Defendants pursuant to the terms set forth herein.

6.　　　This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Releasees of any fault, liability or wrongdoing.

7.　　　The Parties recognize that Notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it and the Settlement becomes effective.

8.　　　The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met.  Should this Settlement not become final, such stipulation to class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

9.　　　In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiffs' and the Settlement Class Members' claims as described herein against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully

compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

10.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Action" means the above captioned Action.

b.      CAFA Notice" means the notice to be sent by Defendants to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court.   A copy of any CAFA Notice shall be provided to Class Counsel.

c.      "Class Counsel" means Locks Law Firm ("LLF"), the Garner Firm, Ltd. ("GF") Alvin de Levie, Esq. ("de Levie"), Berger & Montague, P.C. ("B&M") and Montgomery McCracken Walker & Rhoads, LLP ("MMWR").

d.      "Court" means the United States District Court for the Eastern District of Pennsylvania.

e.      "Defendants" means All American Home Care LLC, All American Hospice Care LLC and Michael Spivak.

f.      "Defendants' Counsel" means Weir & Partners LLP.

g.      "Eligible Class Member" means all Settlement Class Members who do not timely opt out of the Settlement Class.

h.      "Effective Date" means the first business day after the Court's Final Approval Order if there are no objectors, and if there are any objectors, means the first business day after the Court's Final Approval Order is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired (*i.e.*, thirty days from Final Approval as that term is defined below).

i.      "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Plaintiff and the Settlement Class in the Action.

j.      "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

k.      "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

l.      "Gross Settlement Amount" means the maximum amount that Defendants shall pay in exchange for the release of all Released Claims by Plaintiffs and the Settlement Class (including all claims for Plaintiffs' attorneys' fees, costs, and interest), which is the gross sum of Four Hundred Thousand Dollars ($400,000.00), excluding the employers' share of FICA and FUTA payroll taxes.  In no event shall the Gross Settlement Amount exceed this sum, plus the employers' share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members.

m.      "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to $5,000 each to Plaintiffs Lavette Cooper, Ivory Cooper, Jerry Acosta, Jr. and Modestine Thorpe for their efforts in bringing and prosecuting this matter and moreover, in exchange for their additional Released Claims executed in favor of Defendants as set forth in Paragraph 12(a), below; (ii) the payment of attorneys' fees to Class Counsel, not to exceed one-third of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are $2,932.45 and (iii) the Settlement Administrator's costs related to administering this Settlement, not to exceed $17,444.  The Parties acknowledge that all of these amounts are subject to the Court's approval.

n.      "Notice Deadline" means the date sixty (60) days after the Settlement Notice is initially mailed by the Settlement Administrator to the Settlement Class.  Settlement Class Members shall have until the Notice Deadline to object to or opt out of the Settlement.

o.      "Parties" means Plaintiffs and Defendants.

p.      "Plaintiffs" means Lavette Cooper, Ivory Cooper, Jerry Acosta, Jr. and Modestine Thorpe.

q.      "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

r.      "Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, travel time, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, Pennsylvania and Philadelphia wage and hour laws from April 11, 2014 to November 20, 2017.   The Parties acknowledge that Settlement Class Members shall only release their FLSA claims against Releasees if they cash their Settlement Checks.

s.      "Releasees" means Defendants and their past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

t.      "Settlement Administrator" means a third party administration company, to be chosen by the parties subject to the approval of the Court.

u.      "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

v.      "Settlement Class" or "Settlement Class Member" means Plaintiffs and all persons who worked for Defendants as a Home Health Aide in Pennsylvania and where the records indicated that the employee worked more than forty hours in one or more workweeks between April 11, 2014 to November 20, 2017, unless removed from the Settlement Class by timely opting out of the Settlement. There are approximately 160 Settlement Class Members.

w.      "Settlement Notice" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

## <u>RELEASES</u>

11.      **Release**.  In consideration of the benefits to be received by Plaintiff and the Settlement Class under this Settlement, upon the Effective Date:

a.      Plaintiffs Lavette Cooper, Ivory Cooper, Jerry Acosta, Jr. and Modestine Thorpe shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date of execution of this Agreement.

b.      Each Settlement Class Member shall be deemed to have released and discharged the Releasees from the Released Claims upon the Effective Date.  Only Settlement Class Members who cash their Settlement Award shall release their FLSA claims against Releasees.

c.      **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each settlement check:

By signing or cashing this check, I affirm my release of All American Home Care, Inc., All American Hospice Care, Inc. and all Releasees of all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against

5

Releasees that were or could have been asserted in Plaintiffs' Complaints based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution, attorneys' fees, or other compensation or relief arising under Federal, Pennsylvania and Philadelphia wage and hour laws from April 11, 2014 to November 20, 2017 in weeks when the individual worked for Defendants as a Home Health Aide.  I affirm that I will not sue or assert any of the Released Claims against any Releasee.

Pursuant to section 11(b) above, each Settlement Class Member shall be deemed to have released and discharged the Releasees from the Released Claims whether or not they endorse or cash a settlement check.

### CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

12.     The Parties agree to the following procedures for obtaining preliminary approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

a.     **Request for Class Certification and Preliminary Approval Order**.  By approximately May 30, 2018, Plaintiffs shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement, preliminarily certify the Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3), and set a date for the Final Approval Hearing.

b.     **Notice**.  The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to all Settlement Class Members.  The Notice will be in both English and Spanish.

c.     Within ten (10) business days after the Court's preliminary approval of the Settlement, Defendants shall provide Class Counsel with an electronic database containing the names, last known addresses, last known telephone numbers, last known email addresses (if any), and last four digits of social security numbers for Settlement Class Members.

d.     In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice, will take reasonable efforts to identify current addresses via public and proprietary systems.

e.     Within five (5) business days after receiving the contact information for the Settlement Class, the Settlement Administrator shall mail and email (if email addresses are available) an agreed upon and Court approved Notice. Class Counsel shall provide notice to Defendants' Counsel that the Notices have been mailed.

f.     Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail.  If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found addresses.

g.       Defendants may communicate about the settlement with its current employees who are Settlement Class Members for the exclusive purpose of encouraging them to participate in the Settlement, consistent with the terms and provisions of this Settlement Agreement. Defendants will not take any adverse action against any individual because he/she is eligible to participate or does participate in the Settlement.

13.     **Objections.**  The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's counsel a written statement objecting to the Settlement.  Such objection shall not be valid unless it includes the information specified in the Notice.  The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing.  No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendants' Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement.  The postmark date of mailing to Class Counsel and Defendants' Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.  Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to its fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

14.     **Requests for Exclusion.**  The Settlement Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement ("opt out") must mail to Class Counsel or the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement.  The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, and email address (if applicable), and must be signed individually by the Class Member.  No opt-out request may be made on behalf of a group.  Such written statement must be postmarked by the Notice Deadline.

15.     **Report by the Class Counsel**.  Within five (5) business days after the Notice Deadline, Class Counsel or the Settlement Administrator shall provide Defendants' Counsel with notice of the total number of Settlement Class Members who filed timely requests for exclusion from or objections to the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates.

16.     **Final Approval Hearing.**  Plaintiffs shall request that the Court schedule the Final Approval Hearing to determine final approval of the settlement and to enter a Final Approval Order:

a.       certifying this Action as a collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3);

b.       finally approving the Settlement and its terms as a fair, reasonable and adequate settlement of this Action;

7

c.      directing that the settlement funds be distributed in accordance with the terms of this Settlement Agreement;

d.      directing that the Defendant fix the pay practice and pay all home health aides at their agreed upon rates and overtime compensation properly;

e.      directing that the Action be dismissed with prejudice and in full and final discharge of any and all Released Claims; and

f.      retaining continuing jurisdiction over this Action for purposes of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

17.   **Gross Settlement Amount**.

a.      **Deposit**.  Defendants shall wire the Gross Settlement Amount to the Settlement Administrator within sixty (60) days of the execution date of this Settlement Agreement.

(i)      Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1.  The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds.  Defendant shall execute and return this document to the Settlement Administrator, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.  There shall be no reversion of any portion of the Gross Settlement Amount to Defendant at any time.

b.      **Disbursement by Settlement Administrator**.  All disbursements shall be made from the fund administered by the Settlement Administrator.  The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the fund.

c.      **Interest**.  The interest on the funds deposited by Defendants will inure to the benefit of the Settlement Class.

18.   **Payments**.  Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.      **Service Awards and Payment for General Release to Plaintiff**.  Subject to the Court's approval, Plaintiffs Lavette Cooper, Ivory Cooper, Jerry Acosta, Jr. and Modestine Thorpe shall receive Five Thousand Dollars ($5,000.00) each for their efforts in bringing and prosecuting this matter, and in consideration of her general release set forth above.  The Settlement Administrator shall issue a Form 1099 for this payment.  This payment shall be made within three (3) business days after the Effective Date.

      b.      **Attorneys' Fees and Costs**.

      (i)    Subject to the Court's approval, Class Counsel shall receive attorneys' fees in an amount up to one-third (1/3) of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Actions. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court. Payment of attorneys' fees and costs shall be made within three (3) business days after the Effective Date or after Defendants remits the Final Payment, whichever is later.

      (ii)    The attorneys' fees and costs paid by Defendants pursuant to this Agreement shall constitute full satisfaction of Defendants' obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Plaintiff and/or any Settlement Class Member, and shall relieve Defendants from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or any Settlement Class Member.

      (iii)    A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

      (iv)    None of the Releases as defined in paragraphs 10(s) and (t) and described in paragraph 11 shall be effective until Defendants pays the entirety of the Gross Settlement Amount.

      c.      **Settlement Administration Costs**. Settlement Administration costs are estimated not to exceed $17,444 and shall be paid from the Gross Settlement Amount. A copy of the Settlement Administrator's invoice shall be provided to the Court with Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

      d.      **Settlement Awards to Eligible Class Members.** Settlement Awards shall be made to Eligible Class Members as set forth below.

    19.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.** No person shall have any claim against Defendants, Class Counsel, Defendants' Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

    20.    **Settlement Award Eligibility**. All Eligible Class Members shall be mailed a Settlement Award from the Net Settlement Amount. Class Counsel shall be responsible for

determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following formula:

      a.    The amount of $50 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Members so that each Eligible Class Member receives at least $50 in exchange for their release in this Settlement Agreement.

      b.    The Settlement Administrator will calculate an award for each Eligible Class Member from the Net Settlement Amount based on the total potential damages for the respective Settlement Class Member when he/she worked for Defendants as a Home Health Aide and where the records indicated that the employee worked more than forty hours in one or more workweeks between April 11, 2014 to November 20, 2017, using an objective and consistent formula that will be set forth in Plaintiffs' motion for preliminary approval.

      c.    Each Settlement Class Members' total potential damages will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share percentage figure. The respective Eligible Class Member's total potential damages will be multiplied by the share percentage figure and added to the $50 allocation in paragraph 21(a) to determine the Eligible Class Member's Settlement Award.

      d.    All Settlement Award determinations shall be based on Defendants' previously produced payroll and timekeeping data for Settlement Class Members.

    21.    Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Defendants shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Defendants shall not be responsible or liable for any other taxes. The Settlement Administrator shall calculate the employer share of taxes and provide Defendants with the total employer tax contributions at least ten (10) business days before the Settlement Awards are mailed. Defendants shall deposit the calculated employer tax contributions with the Settlement Administrator two business days prior to the mailing of the Settlement Awards to Eligible Class Members. The Settlement Administrator will establish a separate Employer Identification Number ("EIN") for tax purposes to facilitate the processing and payment of the Settlement Awards. The Settlement Administrator agrees that it will be solely responsible for the processing and payment of the employer share of taxes, and it agrees to indemnify Defendants for any liability to any government agency or tax authority for the incorrect calculation and/or payment of such taxes. Amounts withheld will be remitted by the Settlement Administrator to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendants shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

22.     Class Counsel and Defendants' Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Eligible Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

23.     Class Counsel shall provide Defendants' Counsel and the Settlement Administrator with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards are mailed.

24.     The Settlement Administrator shall mail settlement checks within thirty (30) days after the Final Approval Order, or as soon as reasonably practicable.  The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties within five (5) business days after the mailing of the settlement awards.

25.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.  All funds from checks not cashed will revert to the settlement administration fund.  The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled; a sample letter is attached hereto as Exhibit B.  Following the expiration date, the Settlement Administrator will send copies of the front and backs of all cashed settlement checks to counsel for both parties.

26.     **Remaining Monies**.  If at the conclusion of the 180-day check void period set forth above, there are any monies remaining in the settlement administration fund, those monies shall be paid to the Parties' agreed-upon *cy pres* recipient, Community Legal Services of Philadelphia, subject to the Court's approval in the Final Approval Order.

## MISCELLANEOUS

27.     **No Admission of Liability.**  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Releasees of any fault or liability or wrongdoing.

28.     **Defendants' Legal Fees.**  Defendants' legal fees and expenses in this Action shall be borne by Defendants.

29.     **Nullification of the Settlement Agreement.**  In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days.  If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before

this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

30.    **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

31.    **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

32.    **Interim Stay of Proceedings.**   The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

33.    **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

34.    **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.   All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.  No rights hereunder may be waived except in writing.

35.    **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of U.S. Magistrate Timothy R. Rice to resolve such disagreement.

36. **Binding on Successors and Assigns.**  This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendants, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.  The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

37. **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

38. **No Signature Required by Eligible Class Members.**  Only the Plaintiff will be required to execute this Settlement Agreement.  The Settlement Notice will advise all Settlement Class Members of the binding nature of the release.

39. **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

40. **Governing Law.**  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

41. **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

42.    IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

PLAINTIFF: _____    Date: _____
Lavette Cooper

PLAINTIFF: _____    Date: 6/30/2018
Ivory Cooper

PLAINTIFF: _____    Date: _____
Jerry Acosta, Jr.

PLAINTIFF: _____    Date: _____
Modestine Thorpe

APPROVED AS TO FORM BY CLASS COUNSEL:

_____    Date: 6/20/2018
Marc Weingarten
Andrew P. Bell
LOCKS LAW FIRM
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106

APPROVED AS TO FORM BY CLASS COUNSEL:

_____    Date: June 21, 2018
Adam H. Garner
THE GARNER FIRM, LTD.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

APPROVED AS TO FORM BY CLASS COUNSEL:

_____    Date: 6/21/18
Alvin de Levie
The Curtis Center
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106

42.    IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____    Date: _____
Lavette Cooper

**PLAINTIFF:** _____    Date: _____
Ivory Cooper

**PLAINTIFF:** _Jerry M. Acosta, Jr._____    Date: 6/26/2018
Jerry Acosta, Jr.

**PLAINTIFF:** _____    Date: _____
Modestine Thorpe

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____    Date: _____
Marc Weingarten
Andrew P. Bell
LOCKS LAW FIRM
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____    Date: _____
Adam H. Garner
THE GARNER FIRM, LTD.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____    Date: _____
Alvin de Levie
The Curtis Center
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106

42.     IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**     _____     Date: _____
                   Lavette Cooper

**PLAINTIFF:**     _____     Date: _____
                   Ivory Cooper

**PLAINTIFF:**     _____     Date: _____
                   Jerry Acosta, Jr.

**PLAINTIFF:**     _____     Date: 6/21/2018
                   Modestine Thorpe

**APPROVED AS TO FORM BY CLASS COUNSEL:**

                   _____     Date: _____
                   Marc Weingarten
                   Andrew P. Bell
                   LOCKS LAW FIRM
                   601 Walnut Street, Suite 720 East
                   Philadelphia, PA 19106

**APPROVED AS TO FORM BY CLASS COUNSEL:**

                   _____     Date: _____
                   Adam H. Garner
                   THE GARNER FIRM, LTD.
                   1515 Market Street, Suite 1200
                   Philadelphia, PA 19102

**APPROVED AS TO FORM BY CLASS COUNSEL:**

                   _____     Date: _____
                   Alvin de Levie
                   The Curtis Center
                   601 Walnut Street, Suite 720 East
                   Philadelphia, PA 19106

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: 6/26/18

Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: 7/2/18

Richard Simins
Warren Jackson
MONTGOMERY McCRACKEN WALKER & Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109


**DEFENDANT:** _____     Date: _____

All American Home Health Care, Inc.

**DEFENDANT:** _____     Date: _____

All American Hospice Care, Inc.

**DEFENDANT:** _____     Date: _____

Michael Spivak

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**


_____     Date: _____

Brett A. Datto
Amy R. Brandt
WEIR & PARTNERS LLP
1339 Chestnut Street, Fifth Floor
Philadelphia, PA 19107-3519

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: _____
Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: _____
Richard Simins
Warren Jackson
MONTGOMERY McCRACKEN WALKER & Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

**DEFENDANT:** _____     Date: 6/11/2018
All American Home Health Care, Inc.

**DEFENDANT:** _____     Date: 6/11/2018
All American Hospice Care, Inc.

**DEFENDANT:** _____     Date: 6/11/2018
Michael Spivak

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**

_____     Date: 6/14/18
Brett A. Datto
Amy R. Brandt
WEIR & PARTNERS LLP
1339 Chestnut Street, Fifth Floor
Philadelphia, PA 19107-3519

# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAVETTE COOPER and IVORY COOPER, Individually and on behalf of all others similarly situated, | **Case No. 1:17-cv-01563-PBT** |
| Plaintiffs, | |
| v. | |
| ALL AMERICAN HOME CARE LLC, ALL AMERICAN HOSPICE CARE LLC, MICHAEL SPIVAK, | |
| Defendants. | |
| JERRY ACOSTA, JR. and MODESTINE THORPE, Individually and on behalf of all others similarly situated, | **Case No. 2:17-cv-01656-PBT** |
| Plaintiffs, | |
| v. | |
| ALL AMERICAN HOME CARE LLC, | |
| Defendants. | |

<u>**NOTICE OF CLASS ACTION SETTLEMENT**</u>

**PLEASE READ THIS NOTICE CAREFULLY.**

You received this Notice because the records of All American Home Care LLC, All American Hospice Care LLC and Michael Spivak ("Defendants" or "All American") show that you worked for All American as a home health aide and the records indicated that you worked more than forty hours in one or more workweeks between April 11, 2014 to November 20, 2017.  Because you fit this definition, **you may be entitled to receive money from a Settlement in this case, as described below**.

All questions or inquiries regarding this Notice and the Settlement should be directed to [INSERT SETTLEMENT ADMINISTRATOR] or Sharice Wallace of Locks Law Firm, 601 Walnut Street, Suite 720 East, Philadelphia, PA 19109, Telephone: (215) 893-0100, Email: swallace@lockslaw.com.

17

| **1.** | **Why Should You Read This Notice?** |
|---|---|

This Notice explains your right to receive a monetary payment, exclude yourself ("opt out") of the Settlement, or object to the Settlement.  The United States District Court for the Eastern District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable.  The Court will hold a Final Approval Hearing on _____ __, 2018 at 9:30 a.m., before the Honorable Petrese B. Tucker in Courtroom 16-B, 601 Market Street, Philadelphia, PA 19106.

| **2.** | **What Is This Case About?  Description of the Lawsuit.** |
|---|---|

This lawsuit alleges that, on occasion, some home health aides employed by All American were not paid an overtime premium when they worked forty or more hours per week and others were not paid for their travel time in between client locations.  All American denies any wrongdoing and any and all liability and damages to anyone.

On _____ __, 2018, the Court preliminarily approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

| **3.** | **How Much Can I Expect To Receive?** |
|---|---|

All American has agreed to pay Four Hundred Thousand Dollars ($400,000.00) to settle this Lawsuit.  Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs not to exceed $17,444, and a service award in the amount of $5,000 each to Named Plaintiffs Lavette Cooper, Ivory Cooper, Jerry Acosta, Jr. and Modestine Thorpe for their service to the Settlement Class.  The remaining amount will be divided among Settlement Class Members who do not exclude themselves by opting out of the Settlement ("Eligible Class Members").  **If the Court grants final approval to this lawsuit, you will automatically receive a settlement check in the mail unless you exclude yourself from the settlement.**

Your damages have been calculated based on All American's records. If you do not exclude yourself, and the Court grants final approval to the Settlement, you will receive a check representing your *pro rata* portion of damages for overtime owed between April 11, 2014 to November 20, 2017.  You will also receive a minimum award of $50.  You may contact Class Counsel with any questions about your Settlement award.

The Settlement Administrator will deduct any applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

You will have 180 days to cash your check. If you do not cash your check within the 180 days, any unpaid amounts will be paid to [INSERT], subject to the Court's approval.

**It is your responsibility to keep a current address on file with Class Counsel to ensure receipt of your monetary Settlement Award.  If you change addresses, please be sure to contact the Settlement Administrator or Class Counsel.**

| **4.** | **What Are My Rights?** |
|---|---|

- If you do not exclude yourself from the Settlement, then you will **automatically** receive a settlement check if the Court grants final approval to the Settlement.

- If you are a member of the Settlement Class and do not wish to be bound by the Settlement, and do not wish to receive a payment, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT DATE].  The written request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you.  No opt-out request may be made on behalf of a group.  The opt-out request must be sent by mail to Class Counsel at: Locks Law Firm, 601 Walnut Street, Suite 720 East.  **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

- If you received this Notice and wish to object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the settlement.  Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you.  Any objection must be mailed to:

|   |   |
|---|---|
| Sharice Wallace | Amy R. Brandt |
| **LOCKS LAW FIRM** | **WEIR & PARTNERS LLP** |
| 601 Walnut Street, Suite 720 East | 1339 Chestnut Street, Fifth Floor |
| Philadelphia, Philadelphia 19106 | Philadelphia, PA 19107-3519 |

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit.  Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and All American's Counsel on or before the Notice Deadline.  If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  The postmark date of mailing to Class Counsel and All American's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.

If the proposed Settlement is approved by the Court at the Final Approval Hearing, and you do not exclude yourself from the Settlement, the Court will enter an order that will release all of your Federal, Pennsylvania and Philadelphia wage claims for nonpayment of overtime against All American for any time that you worked between April 11, 2014 to November 20, 2017.

| **5.** | **Can Defendant Retaliate Against Me for Participating in this Lawsuit?** |
|---|---|

No.  If you are a current employee of All American, your decision as to whether or not to participate in this Lawsuit will in no way affect your employment with All American.  In fact, All American

encourages you to participate in the settlement and to cash your settlement check. It is illegal for All American to take any adverse employment action against you as a result of your participating in this Lawsuit.

| 6. | Who Are the Attorneys Representing Plaintiff and the Settlement Class? |
|---|---|

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

| | |
|---|---|
| Marc Weingarten<br>Andrew P. Bell<br>Sharice Wallace<br>**LOCKS LAW FIRM**<br>601 Walnut Street, Suite 720 East<br>Philadelphia, PA 19106<br>Telephone: 215-893-0100<br>Facsimile: 215-893-3444<br>Email: swallace@lockslaw.com<br>Website: www.lockslaw.com | Shanon J. Carson<br>Sarah R. Schalman-Bergen<br>Camille Fundora<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, Philadelphia 19103<br>Telephone: (215) 875-3033<br>Facsimile: (215) 875-4604<br>Email: cfundora@bm.net<br>Website: www.bergermontague.com |
| Adam H. Garner<br>**THE GARNER FIRM, LTD.**<br>1515 Market Street, Suite 1200<br>Philadelphia, PA 19102<br>Telephone: 215-645-5955<br>Facsimile: 215-645-5960<br>Email: adam@garnerltd.com<br>Website: www.garnerltd.com<br><br>Alvin de Levie<br>The Curtis Center<br>601 Walnut Street, Suite 720 East<br>Philadelphia, PA 19106<br>Telephone: (215) 351-1100<br>Facsimile: (215) 351-0257<br>Email: afdesq@alvindelevie.com | Richard Simins<br>Jackson Warren<br>**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**<br>123 South Broad Street<br>Avenue of the Arts<br>Philadelphia, Philadelphia 19109<br>Telephone: (215) 772-7407<br>Facsimile: (215) 731-3681<br>Email: jwarren@mmwr.com<br>Website: www.mmwr.com |

| 7. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

Class Counsel will be paid from the gross settlement amount of $400,000.00.  You do not have to pay the attorneys who represent the Settlement Class.  The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount ($133,333.33) plus their out-of-pocket costs, which are presently $2,932.45. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court.  The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

# **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAVETTE COOPER and IVORY COOPER, Individually and on behalf of all others similarly situated, | **Case No. 1:17-cv-01563-PBT** |
| Plaintiffs, | |
| v. | |
| ALL AMERICAN HOME CARE LLC, ALL AMERICAN HOSPICE CARE LLC, MICHAEL SPIVAK, | |
| Defendants. | |
| JERRY ACOSTA, JR. and MODESTINE THORPE, Individually and on behalf of all others similarly situated, | **Case No. 2:17-cv-01656-PBT** |
| Plaintiffs, | |
| v. | |
| ALL AMERICAN HOME CARE LLC, | |
| Defendants. | |

**SETTLEMENT AWARD CHECK**

TO:  [Class Member Name]
     [Address]
     [Address]
     [Last Four Digits of Social Security No.]

You previously received a notice that you had been identified as a Class Member who is eligible to receive a Settlement Award in this case. On [DATE], the United States District Court for the Eastern District of Pennsylvania approved the Settlement in this case.

**Your Settlement Award check is enclosed. Please note that your check will automatically expire on [DATE]. Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.**

22

Please contact the Settlement Administrator at the contact information below or Class Counsel's, Locks Law Firm, at (215) 893-0100 or swallace@lockslaw.com with any questions or concerns.  Thank you.

XXX
[INSERT ADDRESS]
[INSERT TELEPHONE NUMBER]
[INSERT EMAIL]